UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

LARRY WAYNE FIGURES, II,

               Plaintiff,

v.

CHRISTOPHER R. BECKER et al.,

               Defendants.

_____/

Case No. 1:20-cv-909

Honorable Hala Y. Jarbou

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).   The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  Applying these standards, the Court will dismiss Plaintiff's federal claims for failure to state a claim.  The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.  Those claims will be dismissed without prejudice.

## Discussion

### I.      Factual allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the St. Louis Correctional Facility (SLF) in St. Louis, Gratiot County, Michigan. Plaintiff is serving a sentence 13 years, 6 months, to 22 years, 6 months, following his guilty plea to a charge of third-degree criminal sexual conduct (CSC-III) in the Kent County Circuit Court. Plaintiff alleges that the prosecutor, assistant prosecutor, defense counsel, and arresting officer committed constitutional violations in connection with Plaintiff's prosecution for CSC-III. Plaintiff sues Kent County Prosecutor Christopher R. Becker, Kent County Assistant Prosecutor Kimberly A. Richardson, Plaintiff's retained criminal counsel Ryan Maesen, and Grand Rapids Police Officer Case Weston.   Plaintiff sues each Defendant in that Defendant's official and personal capacity.

Plaintiff alleges that the Defendants' actions have caused him to suffer cruel and unusual punishment, pain and suffering, mental anguish, lost wages, and emotional distress, all as a result of their use of fraudulent and deceptive charges to obtain a criminal conviction.  Plaintiff claims Defendants violated his Eighth Amendment rights, subjected him to malicious prosecution, and denied him due process of law.  Plaintiff also claims that Defendants committed the state law tort of gross negligence.  The crux of Plaintiff's complaint is that he was sentenced as a fourth habitual offender under Mich. Comp. Laws § 769.12 and that one of his predicate felonies—a December 2, 2004, conviction for possession of less than 25 grams of cocaine—was "fraudulent."

Plaintiff attaches the Felony Complaint to his complaint.  (Felony Compl., ECF No. 1-1, PageID.20.)  The Felony Complaint identifies the complaining witness as Defendant Weston. It identifies three prior felonies, including the cocaine possession conviction which Plaintiff claims is false.  (*Id.*)

2

Although the felony complaint gave Plaintiff notice of a sentence enhancement as a fourth habitual offender, Plaintiff was not sentenced as a fourth habitual offender. The plea agreement required Plaintiff to enter a plea to CSC-III as a second habitual offender:

| | |
|---|---|
| The Court: | Is there a plea offer, Ms. Richardson? |
| Ms. Richardson: | Yes, your Honor, to plea to Count 1, criminal sexual conduct in the third degree as a Supp 2, we would dismiss the other supplement including the CSC second offense notice. We would also dismiss cases 18-02865-FH along with 18-02886-FH. |
| The Court: | Mr. Maesen, is that your understanding of the plea offer in these three cases? |
| Mr. Maesen: | Yes, your Honor. |
| The Court: | Mr. Figures, you're charged with criminal sexual conduct in the third degree as a second felony offender. Do you understand the nature of the charge against you? |
| The Defendant: | Yes, your Honor. |

*People v. Figures*, No. 17-02285 (Kent Cnty. Cir. Ct. Jun. 4, 2018) (Plea Tr. attached as Exhibit 1). The Michigan Department of Corrections also reports that Plaintiff was sentenced as a second habitual offender. *See* https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=538444 (visited Oct. 4, 2020). Nonetheless, Plaintiff seeks hundreds of thousands of dollars in compensatory and punitive damages because he was fraudulently prosecuted as a fourth habitual offender.

## II.      Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include

more than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 679.  Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief."  *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### III.    State actor

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed

4

by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  In order for a private party's conduct to be under color of state law, it must be "fairly attributable to the State."  *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Street*, 102 F.3d at 814.  There must be "a sufficiently close nexus between the State and the challenged action of [the defendant] so that the action of the latter may be fairly treated as that of the State itself."  *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991) (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)).

Plaintiff cannot show that his court-appointed attorney acted under color of state law.  In *Polk Cty. v. Dodson*, 454 U.S. 312 (1981), the Supreme Court held that defense counsel perform a private, not an official, function:

> In our system[,] a defense lawyer characteristically opposes the designated representatives of the State.  The system assumes that adversarial testing will ultimately advance the public interest in truth and fairness.  But it posits that a defense lawyer best serves the public, not by acting on behalf of the State or in concert with it, but rather by advancing "the undivided interest of his client."  This is essentially a private function, traditionally filled by retained counsel, for which state office and authority are not needed.

454 U.S. at 318-19 (footnotes omitted).  The *Polk County* Court further held that this is true even of the state-appointed and state-paid public defender.  *Id.* at 321.  In Plaintiff's case, however, his defense counsel was retained, not appointed.

The Court said that, once a lawyer undertakes the representation of an accused, the duties and obligations are the same whether the lawyer is privately retained, appointed, or serves in a legal aid or defender program.  *Id.* at 323.  The Court held that, even though a public defender is paid by the state, he or she does not act under color of state law in representing the accused.  *Id.* at 325.  Rather, defense counsel—whether privately retained or paid by the state—acts purely on behalf of the client and free from state control.  *Id.* The Sixth Circuit has adhered to the holding in

*Polk County* in numerous decisions.  *See, e.g., Floyd v. Cty. of Kent*, 454 F. App'x 493, 497 (6th Cir. 2012) (holding that, when performing traditional functions as counsel, a public defender is not a state actor); *Powers v. Hamilton Cty. Pub. Defender*, 501 F.3d 592, 611 (6th Cir. 2007) (same); *Harmon v. Hamilton Cty. Court of Common Pleas*, 83 F. App'x 766, 767 (6th Cir. 2003). Accordingly, Plaintiff's retained attorney does not act under color of state law, and no claim under § 1983 can be maintained against him.  Plaintiff's § 1983 claim against Defendant Maesen therefore will be dismissed with prejudice.

To the extent that Plaintiff asserts claims of fraud and legal malpractice against Defendant Maesen, these claims arise solely under state law.  Section 1983 does not provide redress for a violation of a state law.  *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994).  The Sixth Circuit has stated that district courts should generally decline to exercise supplemental jurisdiction over state law claims under these circumstances.  *See Landefeld v. Marion Gen. Hosp.*, 994 F.2d 1178, 1182 (6th Cir. 1993); *Hawley v. Burke*, No. 97-1853, 1998 WL 384557, at *1-2 (6th Cir. June 18, 1998).  Accordingly, Plaintiff's state-law claims will be dismissed without prejudice.

## IV.   Official capacity claims

Plaintiff sues Defendants in their official and personal capacities.  Because Defendant Maesen is not a state actor, he does not have an official capacity.  The other Defendants, however, act in an official capacity.

### A.   The prosecutors

Official-capacity lawsuits "generally represent only another way of pleading an action against an entity of which an officer is an agent."  *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n. 55 (1978)). An official-capacity suit is to be treated as a suit against the entity itself.  *Id*. at 166 (citing *Brandon*

*v. Holt*, 469 U.S. 464, 471-72 (1985)); s*ee also Matthew v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). "Individuals sued in their official capacities stand in the shoes of the entity they represent," and the suit is not against the official personally. *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003); *Graham*, 473 U.S. at 165-66.

Although prosecutors may be elected county officials or employed by the county, prosecutors in Michigan are deemed to be state agents when prosecuting state criminal charges. *Cady v. Arenac Cty.*, 574 F.3d 334, 342–43 (6th Cir. 2009). Therefore, Plaintiff's claims against Defendants Becker and Richardson in their respective official capacities are actually claims against the State of Michigan.

Regardless of the form of relief requested, the states are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). Accordingly, Plaintiff has failed to state a claim against Defendants Becker and Richardson in their official capacities.[1]

---

[1] Ordinarily, a suit against an individual in his official capacity is equivalent to a suit brought against the governmental entity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Nevertheless, an official-capacity action seeking injunctive relief constitutes an exception to sovereign immunity. *See Ex Parte Young*, 209 U.S. 123, 159-60 (1908) (Eleventh Amendment immunity does not bar prospective injunctive relief against a state official). Plaintiff seeks only damages, so the *Ex Parte Young* exception does not apply.

### B.      Officer Weston

Officer Weston is employed by the Grand Rapids Police Department.  He acts in an official capacity for the City of Grand Rapids.  The City of Grand Rapids, as a municipality, does not enjoy sovereign immunity.  Nonetheless, "before a local government can be held liable for injuries under section 1983, whether the suit is pleaded as an official capacity suit or a suit against the local government, a plaintiff must show that his injuries were the result of some 'policy or custom' attributable to the governmental entity." *Leach v. Shelby Cty. Sheriff*, 891 F.2d 1241, 1245 (6th Cir. 1989).  Plaintiff makes no such allegation in his complaint; therefore, he has failed to state a claim against Defendant Weston in his official capacity.

## V.      Personal capacity claims

Plaintiff's claims against Defendants Becker, Richardson, and Weston in their personal capacities fare no better.

### A.  Prosecutorial immunity

Defendants Becker and Richardson, as prosecutors, are entitled to absolute immunity for their actions in prosecuting the criminal action against Plaintiff.  The Supreme Court embraces a functional approach to determining whether a prosecutor is entitled to absolute immunity.  *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Burns v. Reed*, 500 U.S. 478, 486 (1991); *Forrester v. White*, 484 U.S. 219, 229 (1988); *accord Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010); *Lomaz v. Hennosy*, 151 F.3d 493, 497 (6th Cir. 1998).  Under a functional analysis, a prosecutor is absolutely immune when performing the traditional functions of an advocate.  *Kalina*, 522 U.S. at 130; *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2003); *Grant v. Hollenbach*, 870 F.2d 1135, 1137 (6th Cir. 1989).  The Supreme Court has held that a prosecutor is absolutely immune for the initiation and pursuit of a criminal prosecution.  *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Lomaz*, 151 F.3d at 497.  Acts which occur in the course of the

prosecutor's role as advocate are entitled to protection of absolute immunity, in contrast to investigatory or administrative functions that are normally performed by a detective or police officer. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 276-78 (1993); *Grant*, 870 F.2d at 1137. In the Sixth Circuit, the focus of the inquiry is how closely related the prosecutor's conduct is to his role as an advocate intimately associated with the judicial phase of the criminal process. *Spurlock*, 330 F.3d at 797; *Ireland v. Tunis*, 113 F.3d 1435, 1443 (6th Cir. 1997). The actions of the prosecutors here—charging Plaintiff, negotiating a plea, and participating in the plea and sentencing hearings—are intimately associated with the judicial phase of the criminal process. Accordingly, Defendants Becker and Richardson are entitled to immunity and Plaintiff has failed to state a viable claim against them.

### B.     *Heck v. Humphrey*

The Supreme Court has limited the availability of § 1983 actions for prisoners in a series of cases, the most pertinent of which is *Heck v. Humphrey*, 512 U.S. 477 (1994). The Sixth Circuit explained the bar that *Heck* places on § 1983 suits brought by prisoners:

> Federal courts have long recognized the potential for prisoners to evade the habeas exhaustion requirements by challenging the duration of their confinement under 42 U.S.C. § 1983, rather than by filing habeas petitions. Consequently, the Supreme Court recognized a "habeas exception" to § 1983 in *Preiser v. Rodriguez*, 411 U.S. 475 (1973), when it held that suits challenging the fact or duration of confinement fall within the traditional scope of habeas corpus and accordingly are not cognizable under § 1983. The Court expanded the habeas exception to § 1983 in *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Edwards v. Balisok*, 520 U.S. 641 (1997). In *Heck*, the Court determined that, unless a prisoner's conviction or sentence were previously set aside by a separate legal or administrative action, § 1983 would not countenance claims for damages if a finding for the plaintiff would *necessarily invalidate* a conviction or sentence. And in *Balisok*, the Court concluded that a prisoner cannot use § 1983 to challenge prison procedures employed to deprive him of good-time credits when the . . . procedural defect alleged would, if established, "necessarily imply the invalidity of the punishment imposed." 520 U.S. at 648.

*Thomas v. Eby*, 481 F.3d 434, 438 (6th Cir. 2007) (emphasis in original).

The claims Plaintiff raises in this action would necessarily invalidate his conviction. Indeed, Plaintiff relies upon the same allegations he raises here to support a motion for relief from judgment in his criminal case.  Therefore, until Plaintiff's conviction is set aside, § 1983 will not allow a claim for damages.  Because Plaintiff's claim is barred by *Heck* until his conviction is set aside, he has failed to state a claim against Defendant Weston.[2]

A court's dismissal of a claim on the basis that it is barred by *Heck v. Humphrey* is properly considered a dismissal under 28 U.S.C. § 1915(g) because it fails to state a claim on which relief can be granted.  *See Hunt v. Michigan*, 482 F. App'x 20, 22 (6th Cir. 2012) (a claim barred by *Heck* is properly dismissed for failure to state a claim); *Morris v. Cason*, 102 F. App'x 902, 903 (6th Cir. 2004) (same).  However, such a dismissal should be without prejudice.  *Sampson v. Garrett*, 917 F.3d 880, 882-83 (6th Cir. 2019) (citing *Taylor v. First Am. Bank-Wayne*, 973 F.2d 1284, 1289 (6th Cir. 1992)).  The Court therefore will dismiss without prejudice for failure to state a claim Plaintiff's *Heck*-barred claims against Defendant Weston.

C.    **State law claims**

Plaintiff indicates that he is pursuing state law claims against Defendants Becker, Richardson, and Weston for gross negligence.  "Generally, once a federal court has dismissed a plaintiff's federal law claim, it should not reach state law claims."  *Experimental Holdings, Inc. v. Farris* 503 F.3d 514, 521 (6th Cir. 2007) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)).  "Residual jurisdiction should be exercised only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues."  *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728

---

[2] Plaintiff's claims against Defendants Becker and Richardson also would be barred by *Heck*.  However, as the Court earlier discussed, Defendants Becker and Richardson are entitled to absolute immunity from those claims.

(6th Cir. 2006). Where a district court has exercised jurisdiction over a state law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the state law claims should be dismissed without reaching their merits. *See Landefeld v. Marion Gen. Hosp.*, 994 F.2d 1178, 1182 (6th Cir. 1993); *Faughender v. City of N. Olmsted*, 927 F.2d 909, 917 (6th Cir. 1991); *Coleman v. Huff*, No. 97-1916, 1998 WL 476226, at *1 (6th Cir. Aug. 3, 1998). Accordingly, Plaintiff's state law claims will be dismissed without prejudice.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's federal claims against Defendants Becker, Richardson, and Weston all will be dismissed with prejudice for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's official-capacity claim against Defendant Weston also will be dismissed with prejudice for failure to state a claim. Plaintiff's personal-capacity claims against Defendant Weston will be dismissed without prejudice for failure to state a claim. Plaintiff's state-law claims against all Defendants will be dismissed without prejudice.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of

§ 1915(g).  If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:   October 14, 2020                          /s/ HALA Y. JARBOU
                                                    Hala Y. Jarbou
                                                    United States District Judge